IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| MICHAEL MARTIN | § | |
| VS. | § | CIVIL ACTION NO. 1:22-cv-164 |
| UNITED STATES OF AMERICA | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Movant Michael Martin, an inmate confined at the United States Penitentiary located in Lewisburg, Pennsylvania, proceeding *pro se*, initiated this civil action by filing a letter motion seeking additional time within which to file his Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

### Discussion

In his motion, Movant requests an extension of time in which to properly prepare a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. Movant claims additional time is needed to receive discovery in order to file his Motion to Vacate.

### Analysis

*Limitations*

Title 28 U.S.C. § 2255(f), provides in pertinent part the following:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –

    (1) the date on which the judgment of conviction becomes final;

    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the Movant was prevented from making a motion by such governmental action;

    (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (4) the date on which the fact supporting the claim or claims presented could have been discovered through the exercise of due diligence.

  Movant was convicted and sentenced on October 6, 2021. *See United States v. Chunn*, 1:20-cr-83-2 (E.D. Tex. Oct. 6, 2021). A criminal judgment becomes final when the applicable period for seeking direct appellate review has expired. *See Clay v. United States*, 537 U.S. 522, 525 (2003); *United States v. Gamble*, 208 F.3d 536, 536-37 (5th Cir. 2000). "[W]hen a federal prisoner fails to file a notice of appeal from his conviction (in other words, when he fails to pursue the direct appeal process), the conviction becomes final for purposes of a § 2255 upon the expiration of the [14-day] period for filing a direct appeal." *United States v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008).[1] Movant did not timely pursue a direct appeal of his conviction or sentence within fourteen days after the judgment. Thus, his conviction became final on October 20, 2021.

  Article III, § 2 of the Constitution limits federal court jurisdiction to actual cases and controversies. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). As a result, the exercise of federal court jurisdiction "depends on the existence of a case or controversy, and a federal court lacks the power to render advisory opinions." *United States Nat. Bank v. Ind. Ins. Agents of Am., Inc.*, 508 U.S. 439, 446 (1993). Federal courts do not "sit to decide hypothetical issues or to give advisory opinions about issues as to which there are not adverse parties before [them]." *United States v. Cook*, 795 F. 2d 987, 994 (5th Cir. 1986).

  While the limitations period contained in section 2255 is subject to equitable tolling and statutory tolling in certain circumstances, a court lacks jurisdiction to consider the timeliness of a § 2255 motion until the motion is actually filed. *See United States v. Bautista*, 548 F. App'x 254 (5th Cir. 2013) (district court lacked jurisdiction to entertain Motion for Extension of Time to file § 2255 motion); *United States v. McFarland*, 125 F. App'x 573 (5th Cir. Apr. 6, 2005) ("Before the

---

[1] An amended version of Federal Rules of Appellate Procedure Rule 4(b)(1)(A) became effective on December 1, 2009. The 2009 amendment extended the time allowed for filing a notice of appeal in a criminal case from 10 days to 14 days.

petition itself is actually filed, there is no case or controversy to be heard, and any opinion we were to render on the timeliness issue would be merely advisory.") (internal citation omitted); *United States v. Shipman*, 61 F. App'x 919, 2003 WL 1111561 (5th Cir. Feb. 19, 2003).

In this case, Movant has not filed his Motion to Vacate, Set Aside, or Correct Sentence. Thus, there is no case or controversy before the court. Liberally construed, Movant's motion requesting an extension of time to file a motion to vacate is, in essence, requesting an advisory opinion as to whether a motion to vacate filed after the period of limitations expired would nevertheless be viable. Such an advisory opinion may not be issued. Accordingly, Movant's Motion for Extension of Time should be dismissed for lack of subject-matter jurisdiction.

## Recommendation

The above-styled action should be dismissed for lack of subject-matter jurisdiction.

## Objections

Within fourteen days after being served with a copy of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**SIGNED this the 20th day of May, 2022.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE